UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA GUADALUPE GUTIERREZ,<br><br>                                    Plaintiff,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION; and DOES 1 to 50, inclusive,<br><br>                                    Defendant. | Case No.:  21CV603 GPC(KSC)<br><br>**ORDER DISSOLVING ORDER TO SHOW CAUSE** |

On April 8, 2021, the Court issues an order to show cause why the case should not be remanded to state court for lack of subject matter jurisdiction.  (Dkt. No. 4.)

When removal is based on diversity of citizenship, the amount in controversy must exceed $ 75,000, and the parties must be diverse where they are citizens of different States.  28 U.S.C. § 1332.  Moreover, the court will have jurisdiction between "citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State."  28 U.S.C. § 1332(a)(2); *see Van Der Steen v. Sygen Int'l, PLC*, 464 F. Supp. 2d 931 (2006)

(amendment to diversity jurisdiction statute was intended to eliminate federal jurisdiction over lawsuits between citizens and permanent resident aliens residing in the same state).

In response to the OSC, defense counsel asked Plaintiff's counsel to confirm Plaintiff's status and he replied that Plaintiff is a Mexican citizen and not a U.S. citizen nor a permanent resident.  (Dkt. No. 5-1, Holtz Decl. ¶¶ 2, 3.)  Therefore, the Court has diversity jurisdiction under 28 U.S.C. § 1332(a)(3) and the Court dissolves the order to show cause.

IT IS SO ORDERED.

Dated:  April 20, 2021

Hon. Gonzalo P. Curiel
United States District Judge